Dalton-Cooper, Inc. *v.* United States

**No. 6007.**—Invoice dated Lakefield, Ontario, Canada, February 21, 1942.
Certified February 24, 1942.
Entered at New York, N. Y., March 2, 1942.
Entry No. 14045.

(Decided May 12, 1944)

*John D. Rode* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector* and *Julius G. Paider, Jr.*, special attorneys), for the defendant.

Walker, Judge: This is an appeal for reappraisement filed by the importer of one drum containing 469 pounds of Canadian oil of fir against the appraiser's finding of value on the same. The drum was entered at $3, and the oil at the invoice value of $1.90 per pound, less freight from Lakefield, Ontario, Canada, to New York City of

$7.31, less commission at 2 per centum, $22.82, and less customs duty at the rate of 12½ per centum on the oil, $95.63. The drum was appraised at $12, and the oil at $1.83 per pound, net. Although not directly stated, both entry and appraisement appear to have been made on the basis of export value.

It appears that Lakefield, Ontario, Canada, was the principal market in Canada for such merchandise; that the usual wholesale quantity in the case of such oil was one drum or more, containing about 450 pounds more or less; that the exporter was the only person or firm offering for sale oil such as that in issue; that it commenced operations about January 1, 1942; that on or about January 27, 1942, the plaintiff ordered the drum of oil here involved, which was shipped on February 21, 1942; and that it was entered at the price actually paid therefor.

As to the price at which such oil was freely offered for sale at the time of exportation, the evidence offered on behalf of the plaintiff consists of the affidavit, exhibit 4, of Julius Samann, a partner of the exporting company, the Dominion Essential Oils Co., in which he states, among other things—

* * * that on—or about February 21, 1942, the market value or the price at which such oil was freely offered for sale by the Dominion Essential Oils Co. to all purchasers in Lakefield, Ontario, Canada, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States was $1.90 per pound c. i. f. New York City, N. Y., including duty at 12½%, drums excluded but returnable for credit freight prepaid to Lakefield by the purchaser; * * * that the price at which the said Dominion Essential Oils Co. sold or offered for sale oil the same as the above-mentioned shipment for home consumption in Canada in the usual wholesale quantities and in the ordinary course of trade was no higher than the price mentioned above; * * *.

It appears that on January 31, 1942, the exporter offered such oil to the importer for quotation to the customers of the latter for delivery the first half of March following at a higher price than that at which the merchandise at bar was entered, and that on February 7, 1942, and again on March 9, offers were made at higher prices. Citing *White Lamb Finlay, Inc.* v. *United States*, 29 C. C. P. A. 199, C. A. D. 192, counsel for the plaintiff points out that in view of the fact that the evidence shows there was no merchandise available for prompt delivery the offers referred to above should not be considered in determining the value of the merchandise at bar, also noting such offers were remote from the date of exportation herein (February 21, 1942) and that the evidence shows that there was a restriction that the offers at the quoted prices should not be made to six firms in the New York area, and hence such merchandise was not freely offered "to all purchasers" at those prices.

I am satisfied that the foregoing constitute valid reasons compelling me to disregard the evidence as to offers at prices higher than that at

which the merchandise was entered. As the record stands, I believe it contains sufficient evidence to make out a *prima facie* case in favor of the claim of the plaintiff as to the value of the oil, and I therefore find the value thereof to be as entered.

As to the drum, however, plaintiff offered no evidence as to the value thereof, and in view of the statutory presumption which attaches to the finding made by the appraiser with respect thereto, I find the value thereof to be as returned by the appraiser.

Judgment will issue accordingly.